UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
ALEEN ROSARIO,

                                   Plaintiff,

     -v.-

PRATIGYA GURUNG KHADGI, SUNNY SHAHI,
KAVIN KHADGI and NIROJ INC. d/b/a Spade
Wine & Spirits,

                                 Defendants.
-------------------------------------------------------------------------------X

Case No.

**COMPLAINT**

Plaintiff, ALEEN ROSARIO, by and through his undersigned attorney, Arthur H. Forman, hereby filing this Complaint against defendants PRATIGYA GURUNG KHADGI ("Khadgi"), SUNNY SHAHI ("Shahi"), KAVIN KHADGI ("Kavin") and NIROJ INC. d/b/a Spade Wine & Spirits ("Niroj" and together with Khadgi , Shah and Kavin the, "Defendants") states as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that pursuant to New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (a) unpaid minimum wages (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day he worked a shift in excess of ten (10) hours, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal

question) and the FLSA, and supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. §1367 (a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of the events, or omissions giving rise to the claims, occurred in this district, the Defendants operate their business in this district, and further, Plaintiff was employed by the Defendants in this district.

## THE PARTIES

*Plaintiff*

5. Plaintiff, Aleen Rosario ("Rosario") is an adult individual residing in Queens County, New York.

*Defendants*

6. Upon information and belief, Niroj is a domestic business corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located in the County of Queens, State of New York at 86-34A Broadway, Elmhurst, NY 11373.

7. Defendant Khadgi is an individual who is engaged (or who was engaged) in business in this judicial district during the relevant time period.

8. Defendant Khadgi is sued individually in his capacity as owner, officer and/or agent of Niroj.

9. Defendant Shahi is an individual who is engaged (or who was engaged) in business in this judicial district during the relevant time period.

10. Defendant Shahi is sued individually in his capacity as owner, officer and/or agent of Niroj. Defendant Khadgi is sued individually in his capacity as owner, officer and/or agent of Niroj.

11. Defendant Kavin is an individual who is engaged (or who was engaged) in business in this judicial district during the relevant time period.

12. Defendant Kavin is sued individually in his capacity as owner, officer and/or agent of Niroj.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

13. At all relevant times, Defendants owned, operated, or controlled a retail liquor store doing business under the trade name Spade Wine & Spirits.

14. Defendant Khadgi possesses or possessed operational control over Niroj, an ownership interest in Niroj and/or controls or controlled significant functions of Niroj.

15. At all times relevant herein, Defendant Khadgi possessed substantial control over working conditions at Niroj, and over the policies and practices with respect to the employment and compensation of Plaintiff.

16. Defendant Khadgi determines or determined the wages and compensation of the employees of Niroj, including Plaintiff, and establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

17. Defendant Shahi possesses or possessed operational control over Niroj, an ownership interest in Niroj and/or controls or controlled significant functions of Niroj.

18. At all times relevant herein, Defendant Shahi possessed substantial control over working conditions at Niroj, and over the policies and practices with respect to the employment and compensation of Plaintiff.

19. Defendant Shahi determines or determined the wages and compensation of the employees of Niroj, including Plaintiff, and establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

20. At all relevant times, Defendant Shahi was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

21. Defendant Kavin possesses or possessed operational control over Niroj, an ownership interest in Niroj and/or controls or controlled significant functions of Niroj.

22. At all times relevant herein, Defendant Kavin possessed substantial control over working conditions at Niroj, and over the policies and practices with respect to the employment and compensation of Plaintiff.

23. Defendant Kavin determines or determined the wages and compensation of the employees of Niroj, including Plaintiff, and establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

24. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. 201 *et seq.* and the New York Labor Law.

25. In each year from 2017 to present, Niroj had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

26. In addition, at all times relevant, the Defendants and/or their enterprise were directly engaged in interstate commerce. For example, most of the wine and liquor Defendants sold were manufactured outside of the State of New York.

27. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (r-s).

*Plaintiff*

28. Plaintiff is a former employee of the Defendants who was employed as a sales clerk. His typical duties included stocking the shelves, marking prices on the merchandise, disposing of boxes, selling to customers, and operating the cash register.

29. Plaintiff was employed by the Defendants from on or about and approximately August 4, 2017 until August 4, 2019.

30. Plaintiff regularly handled goods in interstate commerce, such as wine, liquor, and cardboard boxes manufactured outside the State of New York.

31. Plaintiff's work duties required neither discretion nor independent judgment.

32. Throughout his employment with Defendants, Plaintiff was always paid his wages in cash.

33. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week. He typically worked six days per week, with Mondays off, usually between fifty-five and sixty hours per week, but sometimes more. He was often called in to work before his scheduled shift to open the store, or told he had to stay after his shift to close the store. He also worked more than his regularly scheduled hours during the weeks of Thanksgiving and Christmas, and weeks when another worker was on vacation.

34. Each day he worked, Plaintiff recorded the time he started and ended on Niroj's computer system. Upon information and belief, Defendants have a record of the days and exact hours Plaintiff worked.

35. Throughout his employment with Defendants, Plaintiff was not permitted to leave the premises for meals and was only allowed fifteen or twenty minutes to eat, less if a customer came to the store.

36. When Plaintiff was hired, on or about August 4, 2017, Defendants paid Plaintiff at the rate of $8.00 per hour for all hours he worked, including all hours over 40 per week.

37. From on or about November 1, 2017, Defendants paid Plaintiff $8.50 per hour for all hours he worked, including all hours over 40 per week.

38. From on or about January 1, 2018, Defendants paid Plaintiff $9.00 per hour for all hours he worked, including all hours over 40 per week.

39. From on or about March 1, 2018 Defendants paid Plaintiff. $9.50 per hour for all hours he worked, including all hours over 40 per week.

40. From on or about July 1, 2018, Defendants paid Plaintiff $10.00 per hour for all hours he worked, including all hours over 40 per week.

41. From on or about December 1, 2018, Defendants paid Plaintiff $10.50 per hour for all hours he worked, including all hours over 40 per week.

42. From on or about March 1, 2019, until on or about August 4, 2019, Plaintiff's last day of work, Defendants paid Plaintiff $11.00 per hour for all hours he worked, including all hours over 40 per week.

*Defendants' General Employment Practices*

43. As part of their regular business practices, the Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

44. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees, including Plaintiff, compensation by knowingly violating the FLSA and NYLL.

45. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

46. Defendants failed to post at the workplace, or otherwise provide to employees, required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

47. Defendants failed to provide Plaintiff with wage statements at the time of his payment of wages, containing the overtime rate of pay; the actual number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

48. Defendants failed to provide Plaintiff at the time of hiring, and whenever his rate of pay changed, a statement containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or loading allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION
### VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA

49. In violation of 29 U.S.C. §206(a), Defendants failed to pay Plaintiff at the applicable minimum hourly rate.

50. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255(a).

51. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

52. Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

53. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

54. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

55. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

56. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Labor Law § 663.

57. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW

58. Defendants, in violation of N.Y. Labor Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime

compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

59. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Labor Law § 663.

60. Plaintiff was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

61. Defendants failed to provide Plaintiff with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1).

62. As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

63. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following: the overtime rate or rates of pay; the actual number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195 (3).

64. As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants by:

a. Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under the FLSA as to Plaintiff.

b. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff.

c. Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, and wages;

d. Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff.;

e. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages under the FLSA.;

f. Awarding liquidated damages for the amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages under the FLSA pursuant to 29 U.S.C. §216(b).

g. Declaring that Defendants' violated the minimum wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff.

h. Declaring that Defendants' violated the overtime wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff.

i. Declaring that Defendants' violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, and wages;

j. Declaring that Defendants' violations of the New York Labor Law were willful;

k. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages under the NYLL;

l. Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b,) and 198 (1-d);

  m. Awarding Plaintiff liquidated damages for the amount equal to one hundred percent (100%) of the total amount of minimum wage, and overtime compensation shown to be owed pursuant to NYLL §§ 198(1-a) and 663;

  n. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

  o. Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

  p. Providing that if any amounts remain unpaid upon the expiration of ninety days (90) following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).

Dated: July 14, 2020
   Forest Hills, New York

                 /S/
               ARTHUR H. FORMAN
               90-20 Metropolitan Avenue
               Forest Hills, New York 11375
               (718) 268-2616

               *Attorney for Plaintiff*